**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GLENN SMITH,

    Plaintiff,

v.                                               Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.
_____/

## **ORDER**

THIS MATTER comes before the Court, pursuant to Federal Rule of Civil Procedure 65, on Plaintiff's Motion for Preliminary Injunction (Dkt. 3). Glenn Smith, hereinafter "Plaintiff," moves for a preliminary injunction against Defendants to require them to provide him with word processing and copy services which will allow him to comply with Supreme Court Rule 33.1,[1] so that he can file a petition for writ of certiorari in the Supreme Court.[2]

---

[1]Rule 33.1 states in pertinent part:

1. Booklet Format:

  (a) Except for a document expressly permitted by these Rules to be submitted on 8 ½ -by 11-inch paper, see, e. g., Rules 21, 22, and 39, every document filed with the Court shall be prepared in a 6 1/8 -by 9 1/4 -inch booklet format using a standard typesetting process (e.g., hot metal, photocomposition, or computer typesetting) to produce text printed in typographic (as opposed to typewriter) characters. The process used must produce a clear, black image on white paper. The text must be reproduced with a clarity that equals or exceeds the output of a laser printer.

  (b) The text of every booklet-format document, including any appendix thereto, shall be typeset in a Century family (e. g., Century Expanded, New Century Schoolbook, or Century Schoolbook) 12-point type with 2-point or more leading between lines. Quotations in excess of 50 words shall be indented. The typeface of footnotes shall be 10-point type with 2-point or more leading between lines. The text of the document must appear on both sides of the page.

Plaintiff asserts that the injunction is necessary because on December 6, 2004, the United States Supreme Court restricted Plaintiff's access to the Court for repeatedly abusing its process. *See Smith v. Crosby*, 160 L. Ed. 2d 494, 494-95 (2004) (stating in pertinent part that "[a]s [Plaintiff] has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from [Plaintiff] unless the docketing fee required by this Court's Rule 38(a) is paid and petition submitted in compliance with Rule 33.1 of the Rules of this Court.").

---

(c) Every booklet-format document shall be produced on paper that is opaque, unglazed, and not less than 60 pounds in weight, and shall have margins of at least three-fourths of an inch on all sides. The text field, including footnotes, may not exceed 4 1/8 by 7 1/8 inches. The document shall be bound firmly in at least two places along the left margin (saddle stitch or perfect binding preferred) so as to permit easy opening, and no part of the text should be obscured by the binding. Spiral, plastic, metal, or string bindings may not be used. Copies of patent documents, except opinions, may be duplicated in such size as is necessary in a separate appendix.

(d) Every booklet-format document shall comply with the word limits shown on the chart in subparagraph 1(g) of this Rule. The word limits do not include the questions presented, the list of parties and the corporate disclosure statement, the table of contents, the table of cited authorities, the listing of counsel at the end of the document, or any appendix. The word limits include footnotes. Verbatim quotations required under Rule 14.1(f), if set out in the text of a brief rather than in the appendix, are also excluded. For good cause, the Court or a Justice may grant leave to file a document in excess of the word limits, but application for such leave is not favored. An application to exceed word limits shall comply with Rule 22 and must be received by the Clerk at least 15 days before the filing date of the document in question, except in the most extraordinary circumstances.

(e) Every booklet-format document shall have a suitable cover consisting of 65-pound weight paper in the color indicated on the chart in subparagraph 1(g) of this Rule. If a separate appendix to any document is filed, the color of its cover shall be the same as that of the cover of the document it supports. The Clerk will furnish a color chart upon request. Counsel shall ensure that there is adequate contrast between the printing and the color of the cover. A document filed by the United States, or by any other federal party represented by the Solicitor General, shall have a gray cover. A joint appendix, answer to a bill of complaint, motion for leave to intervene, and any other document not listed in subparagraph 1(g) of this Rule shall have a tan cover.

(f) Forty copies of a booklet-format document shall be filed.

[2]Plaintiff asserts that he "has another case that is ripe for certiorari review in the United States Supreme Court. . .which issues involve violations of Plaintiff's constitutional rights by FDC officials and a state court judge." (Dkt. 3 at 2).

## DISCUSSION

The decision to grant or deny a preliminary injunction is within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Int'l Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). In determining whether a preliminary injunction should issue, the district court must consider whether the moving party has demonstrated (1) a substantial likelihood of success on the merits; (2) that the moving party will suffer irreparable harm unless the injunction issues; (3) the threatened harm to the movant outweighs the potential damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). Since a preliminary injunction is an extraordinary and drastic remedy, a district court should not issue a preliminary injunction unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites. *Id*. Further, courts in the Eleventh Circuit will not issue a preliminary injunction where the moving party fails to meet its burden of proof on each of the four factors. *See Tally-Ho, Inc. v. Coast Community College Dist.*, 889 F.2d 1018, 1022 (11th Cir.1989); *see also Salsbury Labs., Inc. v. Merieux Labs., Inc.*, 908 F.2d 706, 708 n. 2 (11th Cir.1990) (noting that the preliminary injunction was denied because the movant failed to show a threat of irreparable harm, even though it established a substantial likelihood of success on the merits).

**I.      Substantial likelihood of success on the merits**

A likelihood of success on the merits is generally the most important factor when considering whether to grant a motion for preliminary injunction. *Schiavo v. Schiavo*, 357 F.Supp.2d 1378, 1383 (M.D.Fla. 2005), *aff'd*, 403 F.3d 1223 (11th Cir.2005) (citing *Gonzalez v. Reno*, No. 00-11424-D, 2000 U.S. App. LEXIS 7025, 2000 WL 381901 at *1 (11th Cir. April 19, 2000)). In order to satisfy this element, the movant requires a showing of "only likely, rather than certain, success." *Home Oil Co., Inc. v. Sam's East, Inc.*, 199 F. Supp. 2d 1236, 1249 (M.D.Ala. 2002) (emphasis in original). Further, in cases where the "'balance of the equities weighs heavily in favor of granting the [injunction],' the movant need only show a 'substantial case on the merits.'" *Schiavo*, 357 F.Supp. 2d at 1383 (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir.1986)).

The constitutional right that Plaintiff identifies as being violated is his right of access to courts. It is well-established that inmates have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right requires prisons to ensure that prisoners have "a reasonable adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id*. at 825. Access to the courts necessarily requires that prisons provide prisoners with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Id*. at 824-25. Meaningful access to the courts, however, "does not mean that prison officials must stop and copy, free of charge, anything in any amount at any time upon an inmates demand. Prisons

4

and jails are free to impose reasonable limits." *Shaw v. Dodson*, 2007 U.S. Dist. LEXIS 62907, at *11 (S.D. Ga. Aug. 27, 2007) (unpublished) (citation omitted).

Moreover, a prisoner making an access-to-courts claim is required to show the denial of access caused actual injury. *Lewis v. Casey*, 518 U.S. 343, 352-54 (1996). A plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable legal merit. *Lewis*, 518 U.S. at 353 n. 3; *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998).

Plaintiff fails to demonstrate a likelihood of success on the merits. First, he fails to show actual injury. He asserts in his motion for preliminary injunction that he intends to file a petition for writ of certiorari in the United States Supreme Court which involves "violations of Plaintiff's constitutional rights by FDC officials and a state court judge." (Dkt. 3 at 2). Plaintiff, however, has not provided any information about that case tending to show that it is nonfrivolous and has arguable legal merit. Therefore, he has not alleged the requisite injury to establish a viable denial of access to the courts claim.[3] *See Cunningham v. Culliver*, 2010 U.S. Dist. LEXIS 131044, at *8-9 (S.D. Ala. Nov. 8, 2010) ("The underlying claim must be described well enough to apply the 'nonfrivolous' test and to show that the arguable 'nature of the underlying claim is more than hope.'") (quoting *Christopher v. Harbury*, 536 U.S. 403, 416 (2002)).

---

[3]"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citation omitted).

5

Second, Plaintiff has not identified any law which holds that prison officials are required to provide prisoners with word-processing and copy services to allow prisoners to file their legal documents in the United States Supreme Court in the format required by Supreme Court Rule 33.1. *See Toenniges v. Georgia Dept. of Corrections*, 2009 U.S. Dist. LEXIS 127196, 2009 WL 6529717, at *3 (M.D. Ga. Nov. 22, 2009) (unpublished) ("There is no constitutional right to computers, copiers, typewriters or certain legal books."). Generally, the United States Supreme Court's rules mandate leniency for *pro se* litigants (many of whom are indigent prisoners). See Supreme Court Rule 39.3 (directing the Clerk to "mak[e] due allowance for any case presented under this Rule by a person appearing *pro se*[.]"). But for Plaintiff's repeated abuse of the Supreme Court's process, he too would be afforded the leniency enjoyed by other *pro se* litigants.[4]

Plaintiff's own actions, not Defendants', have restricted his access to the Supreme Court. This Court will not direct prison officials to make special accommodations for Plaintiff in order to allow Plaintiff to comply with the filing requirements imposed on him by the Supreme Court, where Plaintiff's own abusive litigation caused the Supreme Court to take the extraordinary step of restricting his access to the Supreme Court for repeatedly abusing its process. Instead, Plaintiff must ask the Supreme Court to reconsider and revise the 2004 Order limiting his ability to file petitions in noncriminal matters.

---

[4]*See, e.g., Clemmons v. Nelson*, 1998 U.S. Dist. LEXIS 16163, at *10-11 (D. Kan. Sept. 2, 1998) (unpublished) (40 copies of a petition for certiorari, printed and reproduced in accordance with Sup. Ct. R. 33.1(a), must be filed with the clerk's office, except for petitioners entitled to appear *in forma pauperis*. An *in forma pauperis* party only needs to submit the signed original of the petition for certiorari to the Supreme Court Clerk.).

## II.     Irreparable harm

Plaintiff also fails to make a sufficient showing of irreparable injury if the injunction does not issue. The Supreme Court has prohibited the Clerk from "accept[ing] any further petitions in noncriminal matters from [Plaintiff] unless *the docketing fee required by this Court's Rule 38(a) is paid* and petition submitted in compliance with Rule 33.1 of the Rules of this Court." *Smith v. Crosby*, 160 L. Ed. 2d at 494-95 (emphasis added). Although in his complaint Plaintiff asserts that "in certain circumstances" he can ask "his father for a loan for court filing fees" (Dkt. 1 at 22), he has not alleged that he currently has sufficient funds to pay the filing fee[5] in the action that he currently wishes to file in the Supreme Court.[6] Consequently, there is no indication that if the Court enters an injunction it would prevent any harm. Thus, there is no indication of an immediate danger of irreparable harm to Plaintiff. "An asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *CSX Transp., Inc. v. United Transp. Union*, 2005 U.S. Dist. LEXIS 15407, at *5 (M.D. Fla. July 29, 2005) (quoting *Northeastern Florida Chapter of Ass'n of General Contractors of America v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989))).

---

[5]The filing fee in a case on a petition for writ of certiorari in the Supreme Court is $300.00. Supreme Court Rule 38(a).

[6]The Court notes that on September 21, 2011, Plaintiff filed a petition for a writ of certiorari and a motion for leave to proceed *in forma paupers* in the United States Supreme Court in *Smith v. Secretary*, Case No. 11-7643. On December 5, 2011, the Clerk rejected the petition, returned the papers to Plaintiff, and removed the case from the docket because Plaintiff did not pay the filing fee and submit his petition in compliance with Supreme Court Rule 33 (Dkt. 1-1 at 30).

For the foregoing reasons, the Court concludes that Plaintiff is not entitled to a preliminary injunction.

ACCORDINGLY, the Court **ORDERS** that Plaintiff's Motion for Preliminary Injunction (Dkt. 3) is **DENIED.**

DONE and ORDERED in Tampa, Florida on March 7, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff