# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GLENN SMITH,

    Plaintiff,

v.                                                       Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.
_____/

## ORDER

Plaintiff, a State of Florida prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). The complaint names four defendants, Kathy Conner, David Lawrence, T. Morrison, and G. Wellhausen, and alleges four causes of action regarding three unrelated conditions of confinement claims. Specifically, Count I of the complaint alleges that Defendants Conner, Lawrence, and Morrison denied Plaintiff his First Amendment right to access to the courts when they refused to provide him with word processing and copying services he needed to file a petition in the United States Supreme Court (Dkt. 1 at pp. 22-25); Count II alleges that Defendants Conner, Lawrence, and Morrison also committed the state tort of malfeasance when they denied him the aforementioned word processing and copying services (Id. at p. 26); Count III alleges that Defendants Lawrence and Wellhausen violated his Fourth Amendment right to be free from unreasonable searches (Id. at pp. 27-29); and Count IV alleges that Defendants Conner,

Wellhausen, and Lawrence subjected him to cruel and unusual punishment in violation of the Eighth Amendment by failing to provide him with adequate clothing to protect him from cold weather and rain (Id. at pp. 30-33).

**DISCUSSION**

Fed. R. Civ. P., Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." F.R.C.P. 18(a). However, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act ["PLRA"] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In his complaint, Plaintiff argues that pursuant to Rule 18(a), he can bring multiple unrelated claims against the same defendant in one action (Dkt. 1 at p. 14). Here, however, Plaintiff did not raise multiple claims against a single party. Instead, he raises three separate unrelated claims, none of which pertains to all four defendants.[1] Though some claims share

---

[1] Rule 20(a) provides that persons may be joined as defendants in a single action if there "is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)(B). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). The complaint does not allege that all defendants participated in the same transaction or series of

2

defendants, they are (with the exception of Counts One and Two) factually and legally distinct from one another. For example, Plaintiff's raises an access to the courts claim involving Defendants Conner, Lawrence, and Morrison, and an unrelated unreasonable search claim involving only Defendants Lawrence and Wellhausen.

The complaint includes misjoined parties and claims, and offers Plaintiff a way around both the fee payment and the three-strike bar.[2] Plaintiff may not circumvent the PLRA's objective of deterring frivolous prisoner complaints by presenting these multiple unrelated claims against multiple defendants in one action.

## LEAVE TO AMEND

Within **thirty (30) days** from the date of this Order, Plaintiff shall submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference.

---

transactions or that a question of fact is common to all defendants. Plaintiff's claims with respect to the denial of copying and word processing services, and the deficient clothing did not arise out of the same transaction, occurrence, or series of transactions as the unreasonable search incident.

[2]The PLRA contains a three-strikes rule which prohibits a prisoner from bringing a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action...that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(g).

**The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

Plaintiff must limit the allegations in his amended complaint to **one** of the three claims (denial of copying and word processing services, unreasonable search, or denial of adequate clothing) asserted in the original complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violation. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice.[3]

---

[3] Dismissal of the complaint without prejudice will not prejudice Plaintiff's pursuit of his claims against Defendants since the applicable statute of limitations in this case is four years. *See Baker v. Gulf & Western Industries*, 850 F.2d 1480, 1481 (11th Cir. 1988).

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

3. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court **shall**, without further notice, **dismiss** this action.

**DONE** and **ORDERED** in Tampa, Florida on May 14, 2012.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff