UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN SMITH,

    Plaintiff,

v.                                                                        Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.
_____/

## ORDER

Plaintiff, a State of Florida prisoner proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 11). The complaint names four defendants, Kathy Conner, David Lawrence, Kenneth Tucker, and G. Wellhausen, and alleges a single cause of action: Defendants have subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment by failing to provide him with adequate clothing to protect him from cold weather and rain. The Court has undertaken a preliminary screening of Plaintiff's amended complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that the allegations of the amended complaint, when read in the light most favorable to Plaintiff, do arguably state a colorable claim for relief under 42 U.S.C. § 1983.[1] Plaintiff's claim for compensatory and punitive damages, however, must be dismissed.

---

[1] *See, e.g.*, *Chandler v. Moore*, 2 F.3d 847, 848 (8th Cir.1993) ("[N]eedlessly subjecting inmates to freezing weather without adequate protective clothing could amount to cruel and unusual punishment."); *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000) ("depriving an inmate of a jacket could violate the Eighth Amendment under some weather conditions") (citing *Walker v. Sumner*, 14 F.3d 1415, 1421 (9th Cir. 1994)).

**Analysis**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).[2] A prisoner, therefore, may not proceed in a civil rights action for compensatory or punitive damages unless he alleges some physical injury that is more than *de minimis*. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-1313 (11th Cir. 2002) ("In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis.") (citation omitted); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (§ 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

It is apparent from the face of the amended complaint that Plaintiff's claim for damages is barred by § 1997e(e).[3] The amended complaint identifies no physical injury arising from Defendants' conduct, much less injury that is more than *de minimis*.[4]

---

[2]Because Plaintiff was a prisoner when he filed this action, his action is subject to § 1997e(e).

[3]Nominal damages may be recovered where there is a violation of a constitutional right without a physical injury. *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003). Plaintiff, however, does not state that he wants nominal damages, and his request for $15,000.00 from each defendant is inconsistent with a nominal damages request. *See e.g.*, *Qualls v. Santa Rosa County Jail*, No. 3:10cv54/MCR/MD, 2010 U.S. Dist. LEXIS 19469, 2010 WL 785646, at *3 n.1 (N.D. Fla. Mar. 4, 2010) (unpublished) ("Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only $ 250,000 in compensatory and/or punitive damages.") (citing, *Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (unpublished)).

[4]Plaintiff does allege that he "has suffered physical injury, being repeatedly cold or wet, or cold and wet in over 19 years of FDC imprisonment. . .causing mental and emotional injury. . ." (Dkt. 11 at p. 21). Being cold or wet, however, is not a physical injury that is greater than *de minimis*. *Cf. Clifton v. Eubank*, 418 F. Supp. 2d 1243, 1246 (D. Colo. 2006) ("Physical pain, standing alone, is a de minimis injury that may be characterized as a mental or emotional injury and, accordingly, fails to overcome the PLRA's bar; but, when paired with allegations of physical effects, physical

Consequently, Plaintiff's claim for damages is barred as a matter of law. *See Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)).[5]

## Service of Process

Because Plaintiff paid the filing fee and is not proceeding as a pauper in this case, Plaintiff is responsible for service of process upon the Defendants, pursuant to Fed. R. Civ. P. 4(m), which states:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Plaintiff's complaint was filed on January 10, 2012 (Dkt. 1). After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the complaint without prejudice to Plaintiff filing an amended complaint (see Dkt. 9). Plaintiff filed his amended complaint on June 1, 2012 (Dkt. 11). The Court screened the amended complaint on June

---

pain may support a claim under the PLRA.") (citing *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005); *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)). *See also Quinlan v. Pers. Transp. Servs. Co., LLC*, 329 Fed. Appx. 246, 249 (11th Cir. Fla. 2009) (unpublished) (district court did not err in concluding that Plaintiff's claims for compensatory and punitive damages did not surmount section 1997e's bar where Plaintiff's complaints of temporary chest pain, headache, and difficulty breathing while in the van, and present periodic episodes of back pain did not require "immediate medical attention or evidence physical injury besides discomfort."); *Dixon v. Toole*, 225 Fed. Appx. 797, 799 (11th Cir. 2007) (unpublished) ("[D]istrict court did not err in finding that Dixon's claims for compensatory damages did not surmount § 1997e's bar because he failed to put forth evidence of physical injury besides discomfort.").

[5]§ 1997e(e) does not impair Plaintiff's right to seek declaratory and injunctive relief. *Al-Amin*, 637 F.3d at 1196 (citation omitted).

28, 2012. Therefore, the Court concludes that all Defendants must be served on or before October 26, 2012, i.e., within 120 days of the date of this Order.

Because Plaintiff is proceeding *pro se*, he is advised of the following. There are two ways to serve a Defendant, either through personal service (formal service) or by requesting that the Defendant waive formal service. See Fed. R. Civ. P. 4(c) and (d). To effect formal service of process, the Defendant must be personally delivered a copy of the (amended) complaint and a summons that will be issued to Plaintiff by the Clerk of this Court. Such personal delivery may be made by anyone who is at least 18 years of age and is not a party to this action. Plaintiff should note the requirements of Rules 4(e) regarding service upon individual Defendants.

Alternatively, Rule 4(d) allows Plaintiff the option of sending an individual or corporate Defendant a notice of the commencement of the action and a request that the Defendant waive formal service of process. If the Defendant fails to return the waiver form (which Plaintiff must enclose), Plaintiff must formally serve the Defendants, and the Defendants may be liable for costs of formal service. Plaintiff should review Rule 4 before attempting service by either of the above methods.

Accordingly, the Court **ORDERS** that:

1. Plaintiff's request for compensatory and punitive damages is **DISMISSED** without prejudice[6] pursuant to 42 U.S.C. § 1997e(e). This action shall proceed solely on

---

[6]*See Harris v. Garner*, 216 F.3d 970, 980 (11th Cir. 2000) (holding that dismissal of an action pursuant to § 1997e(e) is to be "without prejudice to re-filing the claim if and when the plaintiff is released").

4

Plaintiff's claim for injunctive and declaratory relief against Defendants in their official capacities.

2. The **Clerk** shall forward to Plaintiff four Notice of Lawsuit and Request for Waiver of Service of Summons forms, four Waiver of Service of Summons forms, and four blank Summons forms so that Plaintiff may request that Defendants waive formal service.

3. If Plaintiff elects to attempt formal service, he shall complete each summons and return it to the Clerk within 20 days of this date. If the summons are completed and returned, the Clerk shall issue summons for each Defendant indicating that they have twenty-one (21) days to respond to the amended complaint.

4. On or before October 26, 2012, Plaintiff shall provide the Court with certification of service and documents reflecting proper, completed service of process upon each Defendant, or waiver of service. Failure to provide proof of proper service or waiver for a particular Defendant, or failure to show good cause for the failure to effect service within the time allotted, could result in the dismissal of that Defendant from this action without further notice.

5. After a response to the amended complaint has been filed by a Defendant, Plaintiff is required to mail to the attorney for the Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of Court a certificate of service which states the date a correct copy of the paper was mailed to the Defendant or the attorney representing the Defendant. Any paper submitted for filing after a response to the amended complaint has

been filed which does not contain a certificate of service shall be returned by the Clerk and disregarded by the Court.

**DONE** and **ORDERED** in Tampa, Florida on June 29, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*