## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GLENN SMITH,

    Plaintiff,

v.                                                    Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion for Order for Service by United States Marshall [sic] (Dkt. 16) in which Plaintiff requests, pursuant to Fed. R. Civ. P., Rule 4(c)(3), the Court direct the Marshal or another person specially appointed by the Court to serve process on Defendants. Plaintiff alleges that he mailed waiver of service forms to Defendants, but Defendants have not returned the forms to him.[1]

Because Plaintiff is neither proceeding *in forma pauperis* in this action, nor a seaman, Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the

---

[1] Plaintiff's request to order Defendants to pay the expense of service of process is premature since there has been no service of, or attempt to serve, process at this time. Further, there has been no showing that Plaintiff properly complied with all of the requirements of Rule 4(d)(2), and Defendants did not have good cause for failing to sign and return the waiver forms. See Fed. R. Civ. P., Rule 4(d)(2).

court."[2] (emphasis added).  Therefore, it is within the Court's discretion whether to order service by the United States Marshal's Service.  *See* Adv. Comm. Notes to 1993 Amendments ("The court also retains discretion to appoint a process server on motion of a party.").

The Advisory Committee Notes to the 1993 Amendments provide in pertinent part that "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." Plaintiff has not alleged or shown that this is a situation where law enforcement should serve process in order to keep the peace.

Although Plaintiff is incarcerated, he is an experienced *pro se* litigator, as evidenced by his extensive litigation history (see Dkt. 11 at docket pages 3-8).  Plaintiff has not explained why he needs the Marshal's Service to serve Defendants.  Further, he has not alleged that he has attempted to obtain a process server to serve Defendants, or explained why he cannot serve Defendants through other methods.

Therefore, at this time, the Court declines to exercise its discretion to order service be made by the United States Marshal's Service or by a person specially appointed by the Court.

Accordingly, the Court **ORDERS** that:

---

[2] Rule 4(c)(3) states that a court must do so if the plaintiff is proceeding *in form pauperis* under 28 U.S.C. § 1915 or as a seaman pursuant to 28 U.S.C. § 1916.

1.      Plaintiff's Motion for Order for Service by United States Marshall [sic] (Dkt. 16) is **DENIED** without prejudice to Plaintiff refiling the motion if his efforts to serve Defendants are unsuccessful.

2.      The **Clerk of Court** is directed to issue the summonses, and send the summonses and the service copies of the Amended Complaint (Dkt. 11) back to the Plaintiff.

3.      Plaintiff shall serve a copy of the Amended Complaint and summons upon each named Defendant in accordance with Rule 4.

**DONE** and **ORDERED** in Tampa, Florida on August 21, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

3