UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN SMITH,

    Plaintiff,

v.	Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.

_____/

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration of Order ("motion for reconsideration") (Dkt. 19) in which Plaintiff requests the Court reconsider its August 21, 2012 Order denying his Motion for Service by United States Marshall [sic] (see Dkt. 17). In support of the motion for reconsideration, Plaintiff asserts that he is indigent and therefore cannot afford to pay service of process fees. Plaintiff, therefore, requests the Court direct a person specially appointed by the Court to serve process on Defendants.

As the Court noted it the August 21, 2012 Order, Plaintiff is neither proceeding *in forma pauperis* in this action, nor a seaman. Therefore, pursuant to Fed. R. Civ. P., Rule Rule 4(c)(3), it is within the Court's discretion whether to order service by the United States Marshal's Service. *See* Adv. Comm. Notes to 1993 Amendments ("The court also retains discretion to appoint a process server on motion of a party.").

Moreover, to the extent Plaintiff asserts that he is indigent, Plaintiff paid the filing fee of $350.00 in this action.[1] He has never requested permission to proceed *in forma pauperis* in this action, nor has the Court granted him permission to proceed *in forma pauperis*. Nor has Plaintiff filed an affidavit of indigency with a copy of his prisoner account statement containing all transactions in his prison account for the six (6) months immediately preceding the filing of the complaint.

Finally, Plaintiff is barred by 28 U.S.C. § 1915 from proceeding *in forma pauperis* in federal court. *Smith v. Fla. Dep't of Corr.*, 369 Fed. Appx. 36, 40 (11th Cir. Fla. 2010) ("Smith therefore cannot proceed in future civil cases without prepaying the filing fee under § 1915, unless a statutory exception applies."). § 1915(d) authorizes court officers to "issue and serve all process and perform all duties" in cases in which litigants are proceeding *in forma pauperis* under § 1915. Therefore, because Plaintiff is barred from proceeding under § 1915, it would appear that this Court lacks authority to arrange for free service of process on Plaintiff's behalf. *See, e.g., Stanley v. Stanley*, 2012 U.S. Dist. LEXIS 136503, *8 n.2 (S.D. Cal. Sept. 24, 2012) ("Plaintiff is further cautioned that because he is not eligible to proceed IFP, he is also not entitled to the U.S. Marshal service authorized by 28 U.S.C.§ 1915(d) and Fed.R.Civ.P. 4(c)(3).").

---

[1] Plaintiff arranged to have the filing fee in this action paid by his father (Dkt. 19 at 1). Further, the Court notes that Plaintiff alleged in his original complaint that "in certain circumstances the Plaintiff can prevail upon his father for a loan for court filing fees" and that his father "stood prepared to pay the filing fees in the Supreme Court for four petitions the appellant has been unable to file. . . ." (Dkt. 1 at 22). The filing fee in a case on a petition for writ of certiorari in the Supreme Court is $300.00. Supreme Court Rule 38(a). Plaintiff has not alleged or demonstrated that he has been unable to arrange to have members of his family pay the Marshal's cost of service, or hire a private process server.

Accordingly, the Court **ORDERS** that Plaintiff's Motion for Reconsideration of Order (Dkt. 19) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*