**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GLENN SMITH,

Plaintiff,

v. Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

Defendants.
_____________________________/

# ORDER

Before the Court are Defendants Tucker and Lawrence's Motion for Extension of Time to Answer or Otherwise Respond to Amended Complaint ("motion for extension") (Dkt. 30) filed pursuant to Rule 6(b), Fed. R. Civ. P., and Respondent's Response to Defendants Tucker and Lawrence's Motion for Extension of Time to Answer or Otherwise Respond to Amended Complaint/Motion to Proceed to Summary Judgment (Dkts. 34, 35).

In their motion for extension, Defendants assert that they have not had an opportunity to investigate the allegations of the amended complaint, that it will take two or three weeks to obtain documentation to provide to counsel for review, and that counsel will need two additional weeks to prepare a response to the amended complaint due to pending deadlines in other cases. Therefore, Defendants request an extension of time until January 17, 2013, within which to answer or otherwise respond to the amended complaint.

In response, Plaintiff argues that the motion for extension must be denied because it was not filed before the time for filing a response to the amended complaint expired, and Defendants have failed to demonstrate that they failed to act because of excusable neglect as required by Rule 6(1)(B), Fed. R. Civ. P. Plaintiff further requests the Court proceed to summary judgment in this action (see Dkt. 35).

Rule 6(b) provides

> Extending Time.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b).

Defendant Tucker was served with process on October 29, 2012 (Dkt. 25 at 1). Defendant Lawrence was served with process on November 7, 2012 (Dkt. 28 at 1). Because they each had twenty-one (21) days from the date they were served with the summons to file a response to the amended complaint, Tucker's response was due on or before November 19, 2012, and Lawrence's response was due on or before November 28, 2012. Tucker and Lawrence filed their motion for extension on December 2, 2012 (Dkt. 30), after the time for filing their response to the amended complaint had expired. Therefore, pursuant to Rule 6(b)(1)(B), this Court may, for good cause, extend the time period for filing a response to the amended complaint as long as Tucker and Lawrence failed to act because of excusable neglect.

In *Ashmore v. Sec'y, DOT*, 2013 U.S. App. LEXIS 75 (11th Cir. Jan. 3, 2013) (unpublished opinion), the Eleventh Circuit Court of Appeals stated in relevant part:

> To determine if there was excusable neglect [under Rule 6(b)(1)(B)], the court considers the following factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993). We have noted that, in *Pioneer*, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (holding that the nonmovant was not prejudiced by the movant's six-day delay).

*Id*. at *4.

In considering the relevant factors, this Court finds that Tucker and Lawrence have shown adequate excusable neglect. First, the Court finds no prejudice to Plaintiff as a result of the delay. Although Plaintiff argues that winter's arrival means that he will be exposed to cold weather, he has not made any specific allegation that he is currently being unnecessarily exposed to any extreme cold temperatures, or does not currently have adequate clothing to protect him from the cold. Moreover, to establish prejudice, the delay must "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699 at 536-37 (2d ed. 1983). Plaintiff does not assert that he has suffered from any harm that would rise to the level of prejudice.

Second, although the delay in responding to the amended complaint is somewhat long, given the early stage of these proceedings, the delay should have little impact on them. Third, there is no indication at this time that Defendants have not acted in good faith.

Fourth, Defendants assert as reason for the delay that they "have not had the opportunity to investigated [sic] the allegations of the complaint in order to properly respond to the complaint and raise appropriate defenses." (Dkt. 30 at 1). Defendants' asserted reason is vague. Further, Defendants may not ignore judicial deadlines and must act with diligence in investigating the allegations of a complaint. Nevertheless, the Court recognizes that this is not the only lawsuit filed by a prisoner against Secretary Tucker, the Secretary of the Florida Department of Corrections. In fact, the Court takes notice that in the United States District Court, Middle District of Florida alone, there are currently at least fifteen prisoner civil rights actions pending in which Secretary Tucker is named as a defendant. Therefore, in light of the multiple cases pending against Secretary Tucker, it is understandable that he and his counsel require additional time to adequately investigate the allegations set forth in the amended complaint, and prepare an appropriate response.

Considering the *Pioneer* factors altogether, the Court concludes that Defendants have made an adequate showing of excusable neglect. *See In re: Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003) ("[T]he absence of prejudice to the nonmoving party and to the interest of efficient judicial administration are of primary importance. . . .") (internal quotes omitted).

Finally, in light of Defendants' and counsel's need for additional time to investigate the allegations of the amended complaint and prepare an adequate response, counsel's other pending deadlines in January, and the disruptions attendant to the holiday season, the Court finds good cause for the requested extension.

ACCORDINGLY, the Court **ORDERS** that:

1. Defendants Tucker and Lawrence's Motion for Extension of Time to Answer or Otherwise Respond to Amended Complaint (Dkt. 30) is **GRANTED**. Defendants Tucker and Lawrence are ordered to file and serve their response to the amended complaint on or before January 17, 2013.

2. Plaintiff's motion to proceed to summary judgment (Dkt. 35) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 17, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff
Counsel of Record