**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GLENN SMITH,

    Plaintiff,

v.                                                      Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.
_____/

**ORDER**

Before the Court is Defendants Conner and Wellhausen's Motion to Quash Service of Process ("motion to quash") (Dkt. 31) filed pursuant to Rule 12(b)(5), Fed. R. Civ. P., and Plaintiff's Response to Defendants Conner and Wellhausen's Motion to Quash Service of Summons/Motion to Proceed to Summary Judgment (Dkt. 36).

In their motion to quash, Conner and Wellhausen assert that on October 29, 2012, the summonses and amended complaint were served on Shirley Johnson, an administrative assistant who works with them at the Florida Department of Corrections' central office in Tallahassee, Florida. Conner and Wellhausen assert that Johnson is not authorized to accept service of process on their behalf. They further argue that service was insufficient under Rule 4(e)(2), Fed. R. Civ. P. In response, Plaintiff argues that Conner and Wellhausen forfeited the defense of insufficiency of process by failing to timely file their motion to quash. He further argues that "fundamental fairness" dictates that even if service was technically insufficient, the motion to quash should be denied because Conner and

Wellhausen do not allege that they never received the summonses and amended complaint. Finally, Plaintiff requests the Court proceed to summary judgment in this action.

Rule 4(e), Fed. R. Civ. P., states:

Unless Federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The returns for service for both Conner and Wellhausen indicate that service was effectuated upon Conner and Wellhausen by leaving a copy of the summons and amended complaint with Shirley Johnson, as administrative assistant of the Department of Corrections, 501 S. Calhoun St., on October 29, 2012. As previously noted, Conner and Wellhausen assert that Shirley Johnson is not authorized to accept service of process on their behalf. Plaintiff does not refute this assertion. Moreover, Florida law allows service on an individual by delivering a copy of the summons and complaint: (1) to the person named; (2) to the individual's usual place of abode with any person residing therein who is age 15 or older and informing that person of the contents; (3) by substitute service to the person's spouse; (4) by

substitute service to the person in charge of the individual's business at the time of service, if two or more attempts to serve the owner have been made at the place of business, and if the individual is doing business as a sole proprietorship; or (5) on an authorized agent. Fla. Stat. §§ 48.031, 48.151.  *See Lomax v. City of Miami Police Dep't*, 2012 U.S. Dist. LEXIS 171131, *2 (S.D. Fla. Dec. 3, 2012).  The summonses and amended complaint were served on Shirley Johnson, an unauthorized agent, at Conner and Wellhausen's place of employment.  This is not an authorized method of service.

Plaintiff argues that the motion to quash is untimely.  Plaintiff, however, has not cited any binding authority, and this Court is aware of none, from the United States Supreme Court or the Eleventh Circuit, holding that a motion filed pursuant to Fed. R. Civ. P., Rule 12(b)(5) is untimely if made more than 21 days after the party is served with the summons and complaint.  *See Millennium, L.P. v. AutoData Sys.*, 2006 U.S. Dist. LEXIS 16329, *10 (D.N.J. Jan. 23, 2006) (unpublished) ("While an answer must be filed within 20 days of the filing of a complaint, a pre-answer motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and improper service can be made more than 20 days after the complaint is filed.") (citing *Zelson v. Thomforde*, 412 F.2d 56, 59 n.8 (3d Cir. 1969); *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 873 (3d Cir. 1944)).

Plaintiff's argument that "fundamental fairness" dictates that the motion to quash be denied, is likewise without merit.  "Upon a showing of insufficient service of process, Fed. R. Civ. P. 12(b)(5) provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process." *Miller v.*

3

*Bd. of Educ.*, 2006 U.S. Dist. LEXIS 76238, *5 (D.N.M. Jan. 18, 2006) (unpublished) (citation omitted). *See also S.J. v. Issaquah Sch. Dist. No. 411*, 470 F3d 1288, 1293 (9th Cir 2006) (under 12(b)(5), when service of process is insufficient, district court has discretion either to dismiss the action without prejudice or to quash service). "[W]hen there is no prejudice and service can be accomplished, courts generally will quash the insufficient service and allow the plaintiff to perfect service." *Geer v. McGregor*, 2011 U.S. Dist. LEXIS 130718, *9 (D.S.C. Oct. 18, 2011) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992); *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983)). Because Plaintiff may re-attempt service on Conner and Wellhausen, granting the motion to quash is not "fundamentally unfair."

Finally, because Plaintiff is a state prisoner proceeding *pro se*, the Court recognizes "1) the security risks inherent in providing the addresses of prison employees to prisoners; and 2) the reality that prisoners often get the 'runaround' when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case result." *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (citation omitted). Plaintiff mailed waiver of service forms to Defendants, but Defendants did not return the waivers (see Dkt. 33 at p. 1). Moreover, Plaintiff obtained a process server at his own expense to serve Defendants. The attempt to serve process on Conner and Wellhausen at their place of employment, however, was unsuccessful. Therefore, in the interest of judicial efficiency, and to avoid further delay, the Court will inquire of counsel whether she will agree to accept service on behalf of Defendants Conner and Wellhausen.

ACCORDINGLY, the Court **ORDERS** that:

1. Defendants Conner and Wellhausen's Motion to Quash Service of Process (Dkt. 31) is **GRANTED**.

2. On or before January 31, 2013, counsel for Defendants Lawrence and Tucker shall advise the Court and Plaintiff whether or not she will accept service of process for Defendants Conner and Wellhausen, and file a response to the amended complaint on their behalf. If counsel declines to accept service on their behalf, counsel shall answer the following Court interrogatories within fourteen (14) days from the date of this Order, serve a copy on Plaintiff, and file the answers with the Court entitled "Notice of Filing Answers to Court's Interrogatories":

   a. Provide Defendant Kathy Conner's current home address;

   b. Provide Defendant G. Wellhausen's current home address.

3. Plaintiff is granted an additional **NINETY (90) DAYS** from the date of this Order to execute service of process on Defendants Conner and Wellhausen.

4. Plaintiff's request to proceed to summary judgment is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 24, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff
         Counsel of Record

5