**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GLENN SMITH,

    Plaintiff,

v.   Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion for Order for Costs of Service ("motion") (Dkt. 24). Plaintiff has moved to tax the costs of service of process to the Defendants. Specifically, Plaintiff requests the Court tax the four Defendants a total of $280.00, $40.00 each for the Sheriff's service fee, and $30.00 each for "the costs of copying, envelopes, postage, and long distance phone calls." Defendants Lawrence and Tucker have filed their amended Response in Opposition of Plaintiff's Motion for Reimbursement of Costs of Service ("response") (Dkt. 37).

## ANALYSIS

Pursuant to Rule 4, Fed.R.Civ.P., "[t]he plaintiff may notify. . .a defendant that an action has been commenced and request that the defendant waive service of a summons." Rule 4(d)(1). "If a defendant. . .fails, without good cause, to sign and return a waiver requested by a plaintiff. . ., the court *must* impose on the defendant. . .the expenses later incurred in making service. . . ." Rule 4(d)(2) (emphasis added).

Defendants concede in their response that they failed to waive service of process (Dkt. 37 at p.1). Defendants, however, argue that they had good cause for not signing and returning the waivers requested by Plaintiff. Specifically, Defendants contend that Plaintiff's status as a "three-striker,"[1] and his long history of abusive prison litigation is good cause for not returning the waivers. They argue that requiring Plaintiff to bear the costs of service furthers the Prison Litigation Reform Act's ("PLRA") purpose to curtail abusive prisoner litigation.

Although "the PLRA was enacted to curtail abusive prisoner litigation," *Skillern v. Paul*, 202 Fed. Appx. 343, 344 (11th Cir. 2006) (unpublished) (citation and internal quotations omitted), Defendants have failed to cite any authority holding that Rule 4(d) is inapplicable to cases brought by abusive prisoner litigants. Rule 4(d) imposes on defendants "a *duty* to avoid unnecessary expenses of serving the summons." Rule 4(d)(1) (emphasis added). Unless a defendant has shown good cause for failing to waive service, a court *must* impose the costs of service on that defendant. Rule 4(d)(2). The Advisory Committee notes to Rule 4 indicate in pertinent part that "[i]t is not good cause for failure to waive service that the claim is unjust. . ." and "Defendants that magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them *are required to bear the wasteful costs*." Rule 4(d)(2) Advisory Committee note on 1993 amendment (emphasis added). Therefore, the Court concludes that Defendants have not demonstrated

---

[1] See 28 U.S.C. § 1915(g) (requiring a court to deny prisoner's federal civil action or appeal in a civil action without the prepayment of filing fees if three or more of a prisoner's prior federal civil actions or appeals were dismissed because they were frivolous, malicious, or failed to state a claim for relief).

good cause for failing to waive service. Consequently, the Court must impose the costs of service on Defendants.

The Court next must determine what costs are reimbursable. "The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." *Vistein v. Am. Registry of Radiologic Technologists*, 2010 U.S. Dist. LEXIS 21762, 2010 WL 2293133, at *4 (N.D. Ohio Mar. 10, 2010) (unpublished). *See also Vardon Golf Co. v. Karsten Mfg. Corp.*, 2003 U.S. Dist. LEXIS 5072, 2003 WL 1720066, at *8 (N.D. Ill. March 31, 2003) (unpublished) (limiting recovery for private process fees to U.S. Marshal's minimum charge where documentation inadequate).

Plaintiff requests $30.00 from each of the four defendants ($120.00 total) for "the costs of copying, envelopes, postage, and long distance phone calls." Plaintiff, however, has not attached any documentation to support these expenses. Therefore, the Court finds that they cannot be taxed as a cost.

With respect to Plaintiff's request for reimbursement of costs incurred in attempting to serve Defendants Conner and Wellhausen, the request must be denied at this time. The Court granted Conner and Wellhausen's Motion to Quash Service of Process (see Dkt. 41). As of the date of this order, service of process has not been effectuated upon Conner and Wellhausen. Therefore, the Court does not have personal jurisdiction over Conner and Wellhausen. *See Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of

the subject matter of the suit asserts jurisdiction over the person of the party served."). Accordingly, the Court has no jurisdiction to tax costs against Conner and Wellhausen at this time. *In re NAACP, Special Contribution Fund*, 849 F.2d 1473 (6th Cir.1988) ("It is elementary that without *in personam* jurisdiction, a court has no power to adjudicate a claim or obligation of that person. . . If a court acts without personal jurisdiction, any judgment or order it renders is *null and void. . . .*") (emphasis in original) (internal citations omitted).

The Court does, however, have personal jurisdiction over Defendants Tucker and Lawrence, since they have been served with process (see Dkts. 25, 28). Therefore, the Court will impose the cost of service on Defendants Tucker and Lawrence.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Motion for Order for Costs of Service (Dkt. 24) is **GRANTED** in part, in the amount of $80.00. The motion is otherwise **DENIED** without prejudice.

2. Within thirty (30) days of the date of this order, Defendants Lawrence and Tucker each shall remit payment in the amount of $40.00 to Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida on April 10, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff
         Counsel of Record