**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GLENN SMITH, *pro se,*

    Plaintiff,

v.                                                        Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.
_____/

## ORDER

Before the Court are Plaintiff's Notice that Plaintiff has Received no Answer from Defendants/Motion to Proceed to Summary Judgment (Dkt. 43); Plaintiff's Amended Motion for Order Imposing Rule 11 Sanctions (Dkt. 45); Plaintiff's Motion for Order Imposing Rule 11 Sanctions in re Defendant Crews' [sic] and Lawrence's Motion for Reconsideration of Order Dated January 24, 2013 (Dkt. 55); Defendant Crews' Response in Opposition to Motion Seeking Rule 11 Sanction (Dkt. 50); and Defendant Crews and Lawrence's Response in Opposition to Plaintiff's Motion for Order Imposing Rule 11 Sanctions (Dkt. 56).

**I.  Plaintiff's Notice that Plaintiff has Received no Answer from Defendants/Motion to Proceed to Summary Judgment (Dkt. 43)**

Plaintiff asserts that as of the date he filed the motion, he had not received a response to his amended complaint from Defendants. Plaintiff, therefore, asserts that there is no genuine issue of material fact in dispute in this action, and the Court should "proceed to summary judgment against the defendants." (Dkt. 43).

Defendants Crews[1] and Lawrence have filed an answer to the amended complaint (see Dkt. 46). Moreover, Defendants Conner and Wellhausen have not yet been served with process. Accordingly, Plaintiff's request to enter summary judgment against Defendants will be denied.

## II. Amended Motion for Order Imposing Rule 11 Sanctions (Dkt. 45)

Plaintiff moves the Court, pursuant to Rule 11, Fed.R.Civ.P., to impose sanctions against defense counsel. Plaintiff argues that defense counsel: 1) had no good faith basis to oppose Plaintiff's motion to tax the costs incurred in making service of process; 2) misrepresented Plaintiff's litigation history; 3) had no evidentiary support for the contention that Plaintiff is evading paying off his debts to the Department of Corrections by having his family pay for his litigation; and 4) filed a motion for extension of time to answer the complaint and motion to quash service of process, solely to cause unnecessary delay and increase the cost of litigation.

Pursuant to Federal Rule of Civil Procedure 11(b), any individual who files a pleading, written motion, or other paper with the Court implicitly certifies that, to the best of that person's knowledge after a reasonable inquiry:

> (1) [the paper] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

---

[1] Michael Crews succeeded Kenneth S. Tucker as Secretary of the Department of Corrections and is automatically substituted as the Defendant. See Fed. R. Civ. P., Rule 25(d).

2

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)). *See also Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) ("Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses'. . .They 'may be imposed for the purpose of deterrence, compensation and punishment.'") (citations omitted).

Rule 11 sanctions are warranted in three scenarios: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose. *See Didie*, 988 F.2d at 1104 (citations omitted); *Kaplan*, 331 F.3d at 1255 (citations omitted).

Plaintiff has not made a sufficient showing that Rule 11 sanctions are warranted. Plaintiff makes no showing of conduct by counsel so egregious as to be tantamount to bad faith.  Although the Court decided that Plaintiff is entitled to the costs of service of process (see Dkt. 57), defense counsel's contention that in light of Plaintiff's prolific filing history, Plaintiff should be required to bear the cost of service to further the PLRA's purpose to

curtail abusive prisoner litigation, was nonfrivolous and a reasonable argument to extend existing law.

Further, counsel's representation of Plaintiff's litigation history, characterization of Plaintiff as an "abusive" litigant, and assertion that Plaintiff is evading paying the liens on his prison trust account by having his family pay for the costs of his litigation, are supported by a reasonable factual basis. Plaintiff does not contest that counsel accurately asserted that Plaintiff has filed six cases in the Florida district courts that have been dismissed pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted (Dkt. 45 at p. 4). Rather, he merely argues that one of those cases is on appeal (Id.). Moreover, Plaintiff's argument that the state court orders barring him from filing cases in the Nineteenth and Second Judicial Circuits of Florida and deeming him a vexatious litigant are unconstitutional, does not demonstrate that counsel misrepresented facts regarding Plaintiff's litigation history in state court.

Likewise, counsel's characterization of Plaintiff as an "abusive" litigant is supported by, *inter alia*, the Supreme Court's opinion in *Smith v. Crosby*, 543 U.S. 1019 (2004) (finding that Plaintiff "has repeatedly *abused* this Court's process" and directing the Clerk "not to accept any further petitions in noncriminal matters from [Plaintiff] unless the docketing fee. . .is paid and petition submitted in compliance with Rule 33.1 of the Rules of this Court. . .") (emphasis added).[2]

---

[2]The Court notes that in *Smith v. Fla. Dep't of Corr.*, 2013 U.S. App. LEXIS 7193 (11th Cir. 2013) (unpublished), the Eleventh Circuit Court of Appeals described Plaintiff as "an extremely litigious inmate," and noted that "[n]ot all of Smith's litigation has been warranted, as many of his claims have been frivolous." *Id*. at *1-2.

Lastly, counsel's assertions that Plaintiff's family members are paying for his litigation, and that Plaintiff is avoiding paying the liens on his prison trust account, are supported by both the documentation provided to the Court by Defendants, and Plaintiff's own filings in this case. Plaintiff's December 3, 2012, Trust Fund Account Statement indicates that Plaintiff has numerous liens against his prison trust account totaling $9,626.05 (Dkt. 33-5 at p. 2). Nearly all those liens were placed on Plaintiff's account for copies, postage, and filing fees associated with Plaintiff's state and federal litigation (Id. at pp. 2-51). The liens were placed on Plaintiff's account between April 28, 2005, and November 28, 2012 (Id.). Nevertheless, the statement indicates that Plaintiff has made only one payment in the amount of $71.03 toward those liens during that 7 ½ year period (Id.). Moreover, the record shows that Plaintiff's family has paid the filing fee in this action (see Dkt. 33-6), and has paid or is willing to pay the filing fee in other actions (see Dkt. 8 at p. 2, Dkt. 19 at p. 1).

Finally, Plaintiff has failed to show that counsel filed either Defendants Tucker and Lawrence's Motion for Extension of Time to Answer or Otherwise Respond to Amended Complaint (Dkt. 30), or Defendants Conner and Wellhausen's Motion to Quash Service of Process (Dkt. 31) for the purpose of increasing the cost of litigation, or delaying the litigation. The Court notes that both of the aforementioned motions were granted (see Dkts. 38, 41).

**III. Motion for Order Imposing Rule 11 Sanctions in re Defendant Crews' [sic] and Lawrence's Motion for Reconsideration of Order Dated January 24, 2013 (Dkt. 55)**

Plaintiff moves the Court, again pursuant to Rule 11, to impose sanctions against defense counsel for filing Defendant Crews and Lawrence's Motion for Reconsideration of Order Dated January 24, 2013 ("motion for reconsideration") (Dkt. 49). Plaintiff argues that the motion for reconsideration is "a deliberate ploy to delay the resolution of this litigation." (Dkt. 55 at p. 1). Plaintiff further moves the Court to impose sanctions on counsel for failing to comply with the Court's January 24, 2013 order directing counsel to either inform the Court whether counsel would accept service of process on behalf of Defendants Conner and Wellhausen, or provide the Court and Plaintiff with Conner and Wellhausen's home addresses (see Dkt. 41).[3]

Initially, defense counsel Susan Maher's failure to timely respond to the Court's January 24, 2013 order appears to be the result of attorney oversight, inattention, or negligence (see Dkt. 47).[4] Plaintiff has failed to provide any evidence that the failure to timely respond was "a deliberate ploy to delay the resolution of this litigation."

Likewise, Plaintiff has failed to provide anything other than his own opinion that defense counsel Jamie Braun's motion for reconsideration was filed solely to cause unnecessary delay. Counsel has presented reasonable security concerns about providing Plaintiff with Conner and Wellhausen's home addresses (Dkt. 49 at pp. 2-3). *See* § 119.071(4)(d), Fla. Stat. (exempting from public disclosure the home addresses of law

---

[3]Plaintiff's request for sanctions against counsel for describing Plaintiff as an "abusive litigant" has already been discussed, *supra*.

[4]The Court cautions counsel that repeated violations of this Court's orders may result in sanctions being imposed.

6

enforcement officers, firefighters, and judges, among others). Further, Defendants Conner and Wellhausen are entitled to stand on their rights to proper service.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Notice that Plaintiff has Received no Answer from Defendants/Motion to Proceed to Summary Judgment (Dkt. 43) is **DENIED**.

2. Plaintiff's Amended Motion for Order Imposing Rule 11 Sanctions (Dkt. 45) is **DENIED**.

3. Plaintiff's Motion for Order Imposing Rule 11 Sanctions in re Defendant Crews' [sic] and Lawrence's Motion for Reconsideration of Order Dated January 24, 2013 (Dkt. 55) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 11, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff
       Counsel of Record