## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GLENN SMITH,

    Plaintiff,

v.                                                                  Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.

_____/

## ORDER

Before the Court is Plaintiff's "Motion for Revision of Order [Dkt. 71] Dismissing Complaint Against Defendants Conner and Wellhausen and of Service Costs Order [Dkt. 57]" ("motion") (Dkt. 76) filed pursuant to Rule 54(b), Fed. R. Civ. P.  Plaintiff moves the Court to revise its May 15, 2013 Order by reinstating Defendants Conner and Wellhausen, whom were dismissed from this action (see Dkt. 71).  Plaintiff further moves the Court to revise its April 10, 2013 Order by directing Defendants to reimburse Plaintiff $200.00 in service costs that the Court declined to tax against Defendants (see Dkt. 57).  Defendants have filed a response to the motion (Dkt. 77).

"Rule 54(b) allows a court to revise any order, which adjudicates fewer than all claims, before the court enters an order adjudicating all claims." *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1264 (11th Cir.1988).  The decision whether to revisit an interlocutory order is discretionary. *Slate v. Byrd*, 2013 U.S. Dist. LEXIS 69900, at *10

(M.D.N.C. May 16, 2013) (unpublished) (citting *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 473-74 (M.D.N.C. 2003)).  Because no final judgment has been entered in this case, the April 10th and May 15th Orders are subject to revision.

A motion to reconsider an order generally is appropriate where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  *See, e.g., Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).  With regard to Plaintiff's request for the Court to reconsider the April 10, 2013 Order, Plaintiff does not assert either newly discovered evidence or a change in the law.  Rather, he argues that the Order "rested upon erroneous findings of fact." Specifically, he argues that his verified motion to tax costs was itself sufficient documentation to support an award of $30.00 from each Defendant to reimburse him for costs of postage, copying, envelopes, and long distance phone calls associated with attempting service of process on Defendants.

Plaintiff has failed to submit any law supporting his argument that his verified motion to tax costs, which contained no detail regarding or documentation supporting the alleged copying, postage, envelope, and long distance telephone expenses, was adequate to support taxation of those costs.  Further, Plaintiff has neither alleged nor shown that the Court's determination that it had no jurisdiction to tax costs against Defendants Conner and Wellhausen, at the time the April 10, 2013 Order was entered, was a clear error of law or

fact.[1] Accordingly, Plaintiff's request for the Court to reconsider the April 10, 2013 Order will be denied.

With regard to the May 15, 2013 Order, Defendant Crews, the Secretary for the Florida Department of Corrections, and Defendant Leavins,[2] the Warden at Plaintiff's institution, are the appropriate parties against whom the prospective relief could be ordered. *See, e.g., Brown v. Sec'y, Dep't of Corr.*, 2005 U.S. Dist. LEXIS 48442, at * 4-5 n.2 (M.D. Fla. June 21, 2005) ("[T]he Secretary of the Florida Department of Corrections. . .is responsible for the operation of all prisons under the supervision and control of the Florida Department of Corrections. . . .[W]ardens are responsible for the operation of their respective prisons. . . ."). Moreover, this action is proceeding on Plaintiff's claim for injunctive and declaratory relief against Defendants solely in their official capacities. An official capacity suit is essentially a lawsuit brought against the entity itself. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). Therefore, as Plaintiff has already named Defendant Crews, in his official capacity as the Secretary of the Department of Corrections, the Court agrees with Defendants that it is redundant to name Defendants Conner and Wellhausen, the Secretary's representatives in the Department's grievance process, in the suit. Consequently, Plaintiff has failed to show that the dismissal of Defendants Conner and Wellhausen was a clear error of law or fact.

---

[1]The Court notes that the denial of costs was without prejudice (see Dkt. 57 at p. 4).

[2]Defendants indicate that Defendant Leavins has succeeded Defendant Lawrence as Warden at Hardee Correctional Institution (Dkt. 77 at p. 1, n.1). Defendant Leavins will, therefore, be substituted as the named Defendant in his official capacity. See Rule 25(d), Fed. R. Civ. P.

ACCORDINGLY, the Court **ORDERS** that Plaintiff's "Motion for Revision of Order [Dkt. 71] Dismissing Complaint Against Defendants Conner and Wellhausen and of Service Costs Order [Dkt. 57]" (Dkt. 76) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 18, 2013.

/s/ James S. Moody, Jr.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff
       Counsel of Record