UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN SMITH,

    Plaintiff,

v.        Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration of Order Denying Counsel Request ("motion for reconsideration") (Dkt. 94) in which Plaintiff requests the Court reconsider its September 16, 2013 Order (Dkt. 89) denying without prejudice Plaintiff's Motion for Court to Request Counsel for Indigent Plaintiff (see Dkt. 83). Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel." However, "[a]ppointment of counsel in civil cases is a privilege 'justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'" *Jinks v. Owens*, 517 Fed. Appx. 913, 914 (11th Cir. 2013) (unpublished) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). The "key" issue in determining whether exceptional circumstances exist warranting appointment of counsel is "whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and

issues are simple, he or she usually will not need such help." *Kilgo*, 983 F.2d at 193.

Plaintiff's case does not present novel or complex facts or legal issues. Moreover, he has not demonstrated that he is incapable of presenting the essential merits of his case to the Court or litigating this action on his own behalf.

Finally, the fact that Plaintiff is incarcerated does not, in and of itself, entitle him to appointed counsel. If incarceration constituted an exceptional circumstance, virtually all *pro se* prisoner plaintiffs would be entitled to the appointment of counsel in civil cases.

Accordingly, the Court **ORDERS** that Plaintiff's Motion for Reconsideration of Order Denying Counsel Request (Dkt. 94) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 11, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*
          Counsel of Record