**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GLENN SMITH,

    Plaintiff,

v.                                                Case No. 8:12-CV-52-T-30AEP

DAVID LAWRENCE, etc., et al.,

    Defendants.
_____/

## ORDER

Before the Court are Plaintiff's "Motion for Court's Assistance as an Order to Defendant Leavins for Plaintiff's Access to Legal Materials and Services/Renewed Motion to Compel Discovery/Motion for Enlargement of Time in re Motion for Summary Judgment" (Plaintiff's motion) (Dkt. 95), and Defendants' Emergency Motion for Reconsideration (Defendants' motion) (Dkt. 98).

**I.  Defendants' motion**

Defendants move the Court to reconsider its October 2, 2013 Order granting, in part, Plaintiff's motion to compel discovery, and Defendants' motion to amend scheduling order (Dkt. 93). Specifically, Defendants ask the Court to reconsider the October 2nd Order to the extent it directs Defendants to: 1) identify any and all inmate informal grievances and inmate requests that were filed from January 1, 2011 through December 31, 2011, at each institution in which Plaintiff was confined during that time, regarding the lack of adequate cold and wet

weather clothing, cold weather bedding, and storage space; 2) review and produce grievances of a medical nature; and 3) provide Plaintiff with free copies of the grievances. In support of their requests, Defendants assert that: 1) Plaintiff is not entitled to free discovery materials, and that they are not opposed to providing Plaintiff with an opportunity to review the discovery materials; 2) it would be overly burdensome on staff to locate and review all the inmate requests and informal grievances that were submitted by inmates at Hardee Correctional Institution in 2011, pertaining to inadequate cold or wet weather clothing, insufficient cold weather bedding, and deficient storage space; and 3) it would be overly burdensome on staff to produce the medical grievances because they would be required to obtain medical releases from the 150 inmates who filed medical grievances at Hardee Correctional Institution in 2011, prior to defense counsel reviewing those grievances for issues relevant to the instant case.

The Court concludes that Defendants have demonstrated that it would be overly burdensome on Department of Corrections staff to locate and produce both inmate requests and informal grievances pertaining to the lack of adequate cold and wet weather clothing, cold weather bedding, and storage space. Therefore, the Defendants' obligation to respond is limited to any and all formal grievances[1] that were filed at Hardee Correctional Institution[2] from January 1, 2011 through December 31, 2011, regarding the lack of adequate cold and wet weather clothing, cold weather bedding, and storage space.

---

[1] See Chapter 33-103.006, Florida Administrative Code.

[2] Defendants aver that in 2011, Plaintiff was confined only at Hardee Correctional Institution.

Moreover, the Court agrees with Defendants' assertion that they should not be required to provide free copies of any relevant documents. *See, e.g., Cardwell v. Gammon*, No. 1:06-cv-58, 2007 U.S. Dist. LEXIS 66303, 2007 WL 2683761, at *2 (M.D. Ga. Sept. 7, 2007) ("[P]laintiff's *in forma pauperis* status does not entitle him to free copies or allow him to avoid discovery copying costs."). Therefore, Defendants shall provide Plaintiff with an opportunity to review the relevant documents, and paper and pencil to take notes. In the alternative, Plaintiff may pay, in advance, the copying costs.

Finally, with regard to grievances of a medical nature, Defendants have not provided the Court with any law to support their assertion that defense counsel "is not permitted to review medical grievances which would contain sensitive information until the inmate consents in writing to releasing that information as such information is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA)." (Dkt. 98 at pp. 4-5). "[U]nder HIPAA[,] disclosure **without written authorization of the individual or the opportunity for the individual to object** is permitted pursuant to a subpoena or **discovery request** when the healthcare provider receives satisfactory assurance from the party seeking information that reasonable efforts have been made by that party to secure a qualified protective order." *State Farm Mut. Auto. Ins. Co. v. Kugler*, 840 F. Supp. 2d 1323, 1328 (S.D. Fla. 2011) (citing *In re Zyprexa Prods. Liab. Litig.*, 254 F.R.D. 50, 53-58 (E.D.N.Y. 2008) (citing 45 C.F.R. § 164.512)) (emphasis added). Therefore, the Department of Corrections may disclose the medical grievances to defense counsel pursuant to a protective order that satisfies HIPAA's confidentiality requirements.

## II.    Plaintiff's motion

In his motion, Plaintiff requests the Court: 1) consider his reply (Dkt. 96) to Defendants' response to Plaintiff's motion to compel; 2) issue an order directing Defendant Leavins, the warden of Hardee Correctional Institution, to: a) comply with the rules regulating property in confinement cells; b) provide Plaintiff a second storage locker while Plaintiff is in confinement; c) provide Plaintiff access to law library services at least every other day; and d) allow Plaintiff to contact or correspond with prisoners Amon Dean Richards and Rexford Tweed "to secure summary judgment evidence;" 3) extend the deadline for filing motions for summary judgment; and 4) enlarge the time within which Defendants may respond to Plaintiff's second set of interrogatories.

Plaintiff's reply (Dkt. 96) is unauthorized and will not be considered by the Court. Also, Plaintiff has neither demonstrated a specific need for an extra storage locker, access to library services every other day,[3] and to contact or correspond with Inmates Richards and Tweed, nor provided the Court with an administrative grievance in which he requested but was denied access to library services, another storage locker, and communication with Inmates Richards and Tweed.[4] Moreover, with respect to his request for additional time for Defendants to answer his second set of interrogatories, Plaintiff has not shown good cause

---

[3]To date, Plaintiff has been able to file numerous motions and other pleadings in this action.

[4]Plaintiff is instructed to use the procedure provided by Chapter 33-210.101(7), F.A.C., to communicate with inmates at other facilities regarding the litigation.

4

for extending the discovery deadlines. Plaintiff, however, has shown good cause to extend the deadline for filing motions for summary judgment.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's "Motion for Court's Assistance as an Order to Defendant Leavins for Plaintiff's Access to Legal Materials and Services/Renewed Motion to Compel Discovery/Motion for Enlargement of Time in re Motion for Summary Judgment" (Dkt. 95) is **GRANTED** solely to the extent that the deadline for filing motions for summary judgement is extended to **November 18, 2013**. The motion is otherwise **DENIED**.

2. Defendants' Emergency Motion for Reconsideration (Dkt. 98) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** to the extent that Defendants are not obligated to review or provide Plaintiff with inmate requests and informal grievances pertaining to the lack of adequate cold and wet weather clothing, cold weather bedding, and storage space. Nor are Defendants required to provide Plaintiff with free copies of discovery material. Rather, on or before **November 1, 2013**, Defendants shall provide Plaintiff the opportunity to review and take notes regarding any and all formal grievances that were filed at Hardee Correctional Institution from January 1, 2011 through December 31, 2011, pertaining to the lack of adequate cold and wet weather clothing, cold weather bedding, and storage space. To the extent that Plaintiff wishes to obtain copies of those documents, he must pay for the copies in advance.

With regard to the formal grievances of a medical nature, they may be viewed only by defense counsel, without further Court order. After review of the grievances, defense

counsel shall provide Plaintiff, on or before **November 1, 2013**, with the names, inmate numbers, and present addresses (if currently incarcerated) of the inmates (if any) who filed formal grievances of a medical nature that contained issues with adequate cold or wet weather clothing or cold weather bedding. All parties to this lawsuit are prohibited from using or disclosing any protected health information obtained pursuant to the discovery request at issue for any purpose other than the litigation of this lawsuit. Further, defense counsel is directed to destroy or return to the Department of Corrections any copies of the formal grievances of a medical nature, at the conclusion of this action.[5] Defendants' motion is otherwise **DENIED**.

      **DONE** and **ORDERED** in Tampa, Florida on October 22, 2013.

                                        JAMES S. MOODY, JR.
                                        UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to: Plaintiff *pro se*
          Counsel of Record

---

[5] This includes the time for appellate proceedings or expiration of the time to file an appeal.