**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GLENN SMITH,

    Plaintiff,

v.                                               Case No. 8:12-CV-52-T-30AEP

KATHY CONNER, et. al.,

    Defendants.
_____/

**ORDER**

      THIS CAUSE comes before the Court upon Defendants' Motion to Tax Costs (Dkt. 130) and Plaintiff's Preliminary Response to Defendants' Motion to Tax Costs (Dkt. 133). Plaintiff brought this action under 42 U.S.C. § 1983. On January 29, 2014, the Court entered judgment in favor of Defendants and against Plaintiff (Dkt. 129). Defendants, as prevailing parties, seek an award of costs incurred under Federal Rule of Civil Procedure 54 and Local Rule 4.18 (M.D.Fla.).

      Defendants seek total costs in the amount of $677.60 under 28 U.S.C. § 1920, which sets forth the categories of trial expenses recoverable under Rule 54(d). Under 28 U.S.C. § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court

appointed experts and interpreter services. Defendants seek reimbursement specifically for $77.10 in copying costs, and $600.50 for the cost of taking Plaintiff's deposition.

**I. Deposition costs**

Deposition transcripts are taxable under § 1920(2) if they were necessarily obtained for use in the case. 28 U.S.C. § 1920(2); *United States E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The Invoice reflects that, in addition to the $446.25 cost of the actual transcript, Defendants seek reimbursement for the court reporter's $150 appearance fee and a $4.25 postage and handling charge.[1] In his response, Plaintiff does not appear to argue that these costs are not taxable under § 1920.

The Court finds that Plaintiff's deposition was necessarily obtained for use in this case.[2] Therefore, the deposition transcript is a taxable cost. The Court likewise finds that the court reporter's appearance fee and postage and handling fees are properly taxable as costs. *See, e.g., Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) (although not specifically mentioned in 28 U.S.C. § 1920, deposition attendance fees charged by court reporter are taxable); *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1298 (M.D. Fla. Aug. 28, 2000) ("Reasonable costs associated with depositions, such as postage for mailing the transcripts, may. . .be taxed.") (citing *United States*

---

[1] Because Plaintiff was deposed for another case on the same day he was deposed for the instant case, Defendants seek only half the $8.50 postage and handling charge.

[2] Because Defendants relied upon Plaintiff's deposition in their motion for summary judgment, which the Court granted, the Court concludes the deposition was necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 Fed. App'x 991, 996-97 (11th Cir. 2012) (unpublished) ("[E]ven where a deposition is not ultimately used [at trial or in a summary judgment motion] as part of the prevailing party's case, we have held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken.").

*E.E.O.C*, 213 F.3d at 621). *But see Newman v. Hous. Auth. of the City of Fort Lauderdale*, No. 06-60359-Civ, 2007 U.S. Dist. LEXIS 6797, at *7 (S.D. Fla. Jan. 31, 2007) (Middlebrooks, J.) (court reporter's deposition appearance fees are not taxable as they are not "listed in § 1920"). Accordingly, the Court will tax Plaintiff $600.25 for the fees associated with the taking of his deposition.

## II. Copying costs

Defendants also request costs in the amount of $77.10 for copies that were necessarily obtained for use in the case. Defendant specifies that the copies were of filings required to be served on Plaintiff. The Court agrees with Defendants that these costs are recoverable. *See United States E.E.O.C*, 213 F.3d at 620; *Desisto College v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) ("Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration are recoverable."), *aff'd*, 914 F.2d 267 (11th Cir. 1990).

The Court also finds that Defendants' 15¢ per page charge is reasonable. Although Plaintiff argues in his response that Defendants have not presented evidence that the charge is reasonable and reflects the actual cost for photocopies, courts in the Middle District of Florida have found that a 15¢ per page copying charge is reasonable. *See, e.g., Somogy v. Astrue*, No. 3:08-cv-269-J-TEM, 2011 U.S. Dist. LEXIS 9764, 2011 WL 250575, at *8 (M.D. Fla. Jan. 25, 2011) ("In the experience of this Court, the local market rates for copying large legal documents ranges from $.10 per page to $.15 per page."); *Gonzalez v. Akal Sec., Inc.*, 2010 U.S. Dist. LEXIS 70162, at *16 (M.D. Fla. June

22, 2010) (finding 20¢ per page copying charge "fair and reasonable"). Accordingly, the Court will tax Plaintiff $77.10 for copying costs.

Finally, Plaintiff argues that costs should not be taxed against him because he is indigent and has no means by which to pay the costs. Costs, however, may be taxed against an indigent party. *Harris v. Forsyth*, 742 F.2d 1277 (11th Cir. 1984). A district court needs a "sound basis" to overcome the strong presumption that a prevailing party is entitled to costs. *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007). As part of that "sound basis," a district court may, but need not, consider a non-prevailing party's financial status as a factor in awarding costs pursuant to Rule 54(d). *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). However, the Eleventh Circuit has required that any reduction in costs based on financial indigency must be supported by "substantial documentation of a true inability to pay." *Id.*; *see McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (finding non-prevailing party offered no documentary support to warrant financial status reduction in costs because he relied upon only "unsupported, self-serving statements").

Plaintiff does not provide any evidence, other than his self-serving statement, to establish his inability to pay the cost award. Also noteworthy is that despite his claims of indigency and substantial debt, Plaintiff paid the filing and service of process fees in this action, the $400.00 filing fee in *Smith v. Deemer*, Case No. 8:13-cv-2148-T-23TGW (M.D. Fla. 2013), and the $505.00 appellate filing fee on appeal from the order dismissing that case (see USCA number 14-10016-FF).[3] The Eleventh Circuit is quite clear about the level of proof: "substantial documentation of a true

---

[3]The Court docket in Case No. 8:13-cv-2148-T-23TGW indicates that the appellate filing fee was received on January 21, 2014, merely 20 days prior to the date on which Plaintiff filed his response to Defendants' motion to tax costs in this action.

inability to pay." *Chapman*, 229 F.3d at 1039. Plaintiff has not met this burden. Accordingly, the Court cannot reduce the award of costs based on Plaintiff's financial status because he has failed to produce substantial documentation of his financial indigency.

ACCORDINGLY, the Court **ORDERS** that:

1. Defendants' Motion to Tax Costs (Dkt. 130) is **GRANTED**.

2. The **Clerk of Court** is directed to enter a judgment in Defendants' favor and against Plaintiff for taxable costs in the amount of $677.10.

**DONE** and **ORDERED** in Tampa, Florida on April 23, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff
         Counsel of Record

5